UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ARTHUR MYLES** | **CIVIL ACTION NO. 22-5200-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Arthur Myles ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on September 2, 2022. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana and claims prison officials violated his civil rights. He names Steve Prator and Randy Leone as defendants.

Plaintiff claims that on April 15, 2022, he consumed small metal pieces of a brillo pad on his meal tray that had been prepared by kitchen staff and trustee workers. He immediately filed a sick call request. On April 16, 2022, Plaintiff was examined by Nurse Leone and told him that his throat was injured due to the removal of the brillo pad pieces. Plaintiff claims Nurse Leone told him that he could not have been injured in the way he described. He claims Nurse Leone told him that he could not have removed the brillo pad pieces from his throat. He claims Nurse Leone looked him in the eyes and told him his

throat was injured and bleeding because he took warm showers. He claims Nurse Leone offered him a pill. Plaintiff claims he should have had a CT scan and x-ray. He claims Nurse Leone should have looked at his injuries with proper medical instruments and not just his naked eye. He claims he should have been hospitalized and examined by a neurologist. He also claims he should have had therapeutic checkups. Plaintiff feels Nurse Leone neglected the severity of his medical need.

Plaintiff claims that on May 24, 2022, he saw Nurse Leone and was given a week supply of over the counter prescription Tylenol for his condition. He claims he was told to make another sick call if he was still hurting in a week. He claims the Tylenol did nothing but make him sleepy.

Plaintiff claims the brillo pad pieces he ingested caused internal damage. He claims he had "strip" throat from time to time, small cuts in his throat, abdominal pain, nausea, vomiting, and diarrhea because of swallowing the brillo pad pieces. He also claims he had blood in in stool at times. He claims he still suffers from "strip" throat, diarrhea, nausea, and blood in his stool at times.

Accordingly, Plaintiff seeks declaratory relief, compensatory damages, costs, and any other relief that is just, proper, and equitable.

## LAW AND ANALYSIS

**Conditions of Confinement**

Plaintiff claims he consumed small metal pieces of a brillo pad on his meal tray that had been prepared by kitchen staff and trustee workers. Plaintiff filed this claim pursuant

to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint and amended complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding

that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff does not allege that he was denied anything close to the "minimal civilized measure of life's necessities." Id. "The fact that the food occasionally contains foreign objects . . ., while unpleasant, does not amount to a constitutional deprivation." Hyder v. Perez, 85 F.3d 624 (5th Cir. 1996). While a "single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected[,]" evidence "of frequent or regular injurious incidents of foreign objects in food, on the other hand, raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation." Green v. Atkinson, 623 F.3d 278, 281 (5th Cir. 2010).

Plaintiff does not allege that Defendants knowingly harmed him, intentionally harmed him, or were deliberately indifferent to a substantial risk of serious harm. Nor does he allege that there were frequent or regular injurious incidents of foreign objects in the food. At best, Plaintiff's claim sounds in negligence, but negligence is not actionable under Section 1983. "The conditions described by plaintiff, while plainly not comfortable or pleasant, do not rise to a level of seriousness to be considered a constitutional violation." Green v. Gusman, 15-1738, 2016WL3033541, (E.D. La. May 6, 2016). The federal courts have long recognized that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." Id. (citing Holloway v. Gunnell, 685 F.2d 150, 156 (5th Cir. 1982)). The courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." Id. Thus, Plaintiff's claims have failed to satisfy the first component of an Eighth Amendment claim.

Accordingly, Plaintiff's claim regarding the conditions of his confinement should be dismissed with prejudice as frivolous.

**Medical Care**

Plaintiff claims he was denied proper medical treatment. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of, or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison

officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits that on April 16, 2022, he was seen by Nurse Leone and given a pill. He admits that on May 24, 2022, he was seen by Nurse Leone and given a seven day supply of Tylenol.

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment Defendants provided him. He claims he should have had a CT scan and x-ray. He claims Nurse Leone should have looked at his injuries with proper medical instruments and not just his naked eye. He claims he should have been hospitalized and examined by a neurologist. He also claims he should have had therapeutic checkups. As previously discussed, disagreement with the diagnostic measures

or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

To the extent Plaintiff claims he was denied medical care, his allegations if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law

or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of March, 2023.

Page **8** of **8**

Mark L. Hornsby
U.S. Magistrate Judge